No. 16,005.

BARNES *v.* LEHMAN.
(193 P. [2d] 273)

Decided April 26, 1948.

Mr. JOHN E. FITZPATRICK, for plaintiff in error.

Mr. WALTER F. SCHERER, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court. They are hereinafter referred to as Barnes and Lehman, respectively.

April 9, 1947, Lehman sued Barnes for actual damages in the sum of $5,000 and exemplary damages in the sum of $5,000, and for body execution, arising from a personal assault and battery. He alleged, "that in committing the assault as aforesaid the defendant was actuated by malice and acted with willful, wanton and reckless disregard of plaintiff's rights and feelings." Barnes denied generally. The jury returned verdicts for Lehman for $500 actual and $2,000 exemplary damages and found, "actual malice in its odious and malevolent sense." Judgment was entered accordingly, including six months imprisonment in the county jail for failure to pay. To review that judgment Barnes prosecutes this writ. His sole assignment is the excessive amount of the exemplary damages. Answer brief was filed here March 19, 1948. No reply brief appears.

Our applicable statute provides for "reasonable exemplary damages" in cases such as this, where "* * * the injury complained of shall have been attended by circumstances of fraud, malice or insult, or a wanton and reckless disregard of the injured party's rights and feelings, * * *." '35 C.S.A., vol. 2, p. 1192, c. 50, §6. The jury was so instructed using, however, the words "actual malice in its odious and malevolent sense, that is to say, that the wrong was premeditated and intention-

al." Counsel for Barnes objected thereto and to the special verdict thereunder.

Some two weeks prior to the filing of this action the wife of Barnes was held guilty of contempt in the United States District Court. As she and her husband left the courtroom, Barnes encountered Lehman and struck him twice, from the effects of which he incurred expenses in the sum of $95.00. The balance of the verdict for actual damages was evidently intended as compensation for pain and suffering. The assault is unquestioned. Barnes' excuse for his conduct was that during the federal court session Lehman, sitting within one seat of him and his wife, "was sneering and making fun of us all the way through * * * he clicked at me * * * mostly to my wife * * * he spoke to her so much she started crying * * *. My wife and myself were walking down the hall and he stuck his head out and clicked at me like this (illustrating) and when he did that I grabbed him." Such, says Barnes, was the provocation as a result of which, "I socked him." Lehman, then twenty-two years of age and assigned to the federal building as a newspaper reporter, denies this alleged provocation in toto. These men had never met prior to this time. Lehman knew of Mrs. Barnes because of previous federal litigation, but Barnes knew nothing of him.

■ Exemplary damages are allowed, not as compensation to the injured party for the wrong done, but as a punishment of the wrongdoer and as an example to others. *French v. Deane,* 19 Colo. 504, 511, 36 Pac. 609.

■ Exemplary damages should bear some relation to the compensatory award. If the punishment is not commensurate with the injury done the award will generally be held unreasonable. *Starkey v. Dameron,* 92 Colo. 420, 21 p. (2d) 1112. It must be remembered that Lehman's right to some exemplary damages is not questioned and that in his complaint he estimated those in the same amount as his actual damages.

Since it is undisputed that Barnes had no previous

**164**

contact with Lehman and did not even know him, it is difficult to believe that he simply went berserk and hit the first man he saw in the crowd. He must have had some motive and that could only be the one he gave. The jury could not have believed that Barnes acted in disregard of the rights and feelings of Lehman the individual, hence we are forced to the conclusion that they acted in the belief that Barnes had either misinterpreted some innocent conduct of Lehman or that the latter was the victim of mistaken identity.

It is difficult to escape the conclusion that this jury included some measure of punishment in the award of actual damages. In *Flannery v. Wood*, 32 Tex. Civ. App. 250, 73 S. W. 1072, the demand was for $10,500 actual and the same amount exemplary damages. The jury found $56.00 actual and $2,344 exemplary and the judgment was reversed for this excessive amount of the latter, conditioned however, that if plaintiff remit all exemplary damages above $500 the judgment would be so reformed and affirmed. That case is very similar to this.

It is accordingly ordered that this judgment be reversed and the cause remanded for a new trial; provided however, that if Lehman so elect he may consent to the reduction of said damages to $500 and final amended judgment will then be entered accordingly.

MR. JUSTICE ALTER not participating.