No. 17,039.

ARK VALLEY ALFALFA MILLS, INC. *v.* DAY ET AL.
(263 P. [2d] 815)

Decided November 9, 1953. Rehearing denied December 14, 1953.

Messrs. January & Yegge, Mr. Richard D. Hall, Messrs. Allen & Strain, for plaintiff in error.

Messrs. Thulemeyer & Stewart, for defendants in error.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the court.

We will refer to plaintiff in error as defendant, and to the defendants in error as plaintiffs, the positions held by said parties to this litigation in the trial court.

In their complaint the plaintiffs alleged that on September 4, 1951 the agent and servant of defendant "negligently, carelessly and with a wanton and reckless disregard of Plaintiffs' rights and feelings, drove a tractor and the equipment said tractor was pulling against and into a motor vehicle then being driven by Plaintiff, James E. Day." Inez Day, wife of James, and their daughter, Eileen, were passengers in said motor vehicle. Plaintiffs further alleged, and on the trial

proved, an expenditure of seventeen dollars for medical expenses incurred as a result of the personal injuries they claimed to have sustained as a result of this accident. James E. Day demanded $2,500 actual and $1,000 exemplary damages; Inez Day asked for $2,000 actual and $1,000 exemplary damages, and Eileen, the daughter, sought $1,000 actual and $500 exemplary damages, all on account of personal injuries.

Issue having been joined, trial was had which resulted in verdicts awarding James E. Day $1517 actual and $1,000 exemplary damages; Inez Day $1,200 actual and $1,000 exemplary damages; and Eileen Day $600 actual and $500 exemplary damages. Motion for new trial having been overruled, judgment was entered on the verdicts, from which defendant prosecutes this writ of error.

The accident occurred at night. Defendant's tractor (a small farm type tractor) was going east on public highway No. 10, a roadway some 23 feet wide, including about a foot of shoulder, the balance being an oiled surface. A three-foot barrow pit was on each side of the road. Following the accident no skid marks from either conveyance were found. There is no dispute in the record that the tractor was moving slowly, less than five miles per hour.

The plaintiffs at the time of the accident were returning to their home from the Arkansas Valley Fair, traveling along Highway No. 71 which intersects Highway No. 10. When James E. Day reached Highway No. 10 he said he turned his car to the right and observed defendant's tractor some distance down the road. Another witness said the Day car traveled about one-tenth of a mile along Highway No. 10 before the impact. Day said he dimmed his lights because the lights on the tractor were "bright." He testified that the tractor lights were not dimmed prior to the accident. Day testified, as did his wife, that he was driving thirty-five miles per hour immediately before his car struck the rear left wheel of the farm tractor, knocking this wheel off; that as a result

of the collision he received bruises on his left knee, chest, a bump on his head, and became nervous. He said he was partially disabled for three weeks, and that he hired a man to work on the farm for three months. Mrs. Day suffered a cut on her head, had black and blue knees, and claimed that she was upset and suffered nervous headaches. Eileen also had a cut on her head and claimed nervousness as a result of the collision. Another child in the Day automobile was not injured.

Day claimed that defendant was negligent in that the over-all width of the tractor and the equipment it was pulling caused a portion thereof to extend into his half of Highway No. 10. It is undisputed in the record that this equipment was as far to the right-hand side of the road as it could be, and that the trailer which was also attached to the hay chopper did protrude over into the north half of Highway No. 10. The tractor was some six feet in width. When the Day car collided with defendant's machinery, it first struck the rear left wheel of the tractor, not the trailer. The tractor did not extend over the center of the road.

■ The only specification we notice here is that the damages awarded plaintiffs are excessive under the evidence adduced. Had a proper record been made in the trial court by counsel then representing defendant in error, we could notice the instructions and other matters now complained of as error, but we are precluded therefrom because no timely objection thereto was made in the trial court, and the points are here urged for the first time.

The physician who treated plaintiffs was not called as a witness, and no medical testimony was offered to indicate the extent of plaintiffs' injuries, or that any of the plaintiffs sustained permanent injury. James E. Day said he had bruises on his chest and left knee, nervousness and a bump on his head. The testimony of Inez Day shows that she was partially disabled from performing

her household duties for about two weeks after the accident, but she offered no evidence of special damages. Eileen Day testified that she visited the Arkansas Valley Fair for each of three days immediately following the accident. It also appears that Inez Day visited the fair grounds on the day following the accident.

In the instant case no one of the plaintiffs sustained any broken bones, and none of them were totally disabled for any period of time.

As we said in *Barnes v. Lehman,* 118 Colo. 161, 193 P. (2d) 273, "It is difficult to escape the conclusion that this jury included some measure of punishment in the award of actual damages."

■ From a very careful review of the evidence we must conclude that the damages awarded are so obviously disproportionate to the injuries sustained as to warrant the belief that the jury must have been influenced by partiality or prejudice, or were misled by some mistaken view of the merits of the case. We must conclude that the amount awarded each of the plaintiffs is excessive.

■ Assuming that exemplary damages could under the evidence of this case, be awarded, they must bear some relation to the compensatory damages awarded. Exemplary damages are allowed, not as compensation to the injured party for the wrong done, but as a punishment of the wrongdoer as an example to others. *French v. Deane,* 19 Colo. 504, 511, 36 Pac. 609. Every action entitling a plaintiff to actual damages does not give rise to a claim for exemplary damages. To recover exemplary damages a plaintiff must make out a case under section 6, chapter 50, '35 C.S.A.

■ The verdicts are excessive and the trial court erred in not granting a new trial. Doubtless on a retrial present counsel for the parties will preserve a record on all matters they desire to urge in the event this action again comes to this court for review.

The judgment is reversed and the cause remanded for a new trial.

Mr. Justice Alter and Mr. Justice Moore dissent.