No. 20,012.

LUCY KRESSE *v.* MYRTLE BENNETT.
(379 P. [2d] 807)

Decided March 11, 1963.     Rehearing denied April 1, 1963.

Mr. JOHN T. DUGAN, for plaintiff in error.

Mr. LOUIS J. BOGGIO, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MCWILLIAMS.

MYRTLE BENNETT (age 76) brought suit against her neighbor, Lucy Kresse (age over 80), alleging that Lucy unlawfully, maliciously, and with both willfulness and wantonness assaulted her with "fists and stones" and on the same occasion also damaged her automobile to the

extent of $50.00 by striking it with stones. As a result of this assault Myrtle claimed that she suffered "shock and contusions and abrasions about the head [and] body" and incurred medical expense in the amount of $15 in connection with the treatment of her several wounds. She accordingly prayed for actual damages in the amount of $10,065, and for exemplary damages in the amount of $10,000.

In a second claim Myrtle sought an additional $5,000 from Lucy as damages for an alleged slander which supposedly occurred during the course of the altercation, when Lucy uttered various and sundry epithets calculated to cast doubt on Myrtle's ancestry.

Though served with a copy of the summons and complaint, Lucy failed to answer, and upon hearing the trial court entered a default judgment, apparently on the first claim only, in favor of Myrtle against Lucy in the sum of $500 as actual damages and also in the sum of $500 as exemplary damage, with the further order that Myrtle should have "execution against the body of Lucy . . ." to the end that Lucy was ordered to be committed to the common jail for six months, unless the judgment was sooner satisfied.

Pursuant to this body judgment Lucy was in due time placed in the common jail, whereupon her counsel at once filed a "Motion to Vacate Judgment and for Release of Defendant." In this motion offer was made to pay into the registry of the court "such amount . . . as may be ordered . . . to protect and indemnify the plaintiff . . ." The trial court granted this motion and ordered the immediate release of Lucy, and then later set aside the default judgment and permitted Lucy to file an answer, all conditioned "by reason of a $2,000 bond in the form of a check deposited with the court . . . to pay any final judgment . . . entered in the matter."

The matter was eventually tried to a jury, which returned a verdict in favor of Myrtle against Lucy in

the sum of $225 as actual damages and $1,000 as exemplary damages, the second claim based on alleged slander having been dismissed by the court at the conclusion of Myrtle's evidence. Judgment based on this verdict was duly entered, motion for new trial denied and by writ of error Lucy seeks reversal of the judgment.

Lucy contends that the trial court erred in some seven different particulars, six of which we deem to be devoid of merit. None involves any new or novel question of law, and accordingly we refrain from comment, since to do so would contribute nothing whatsoever to the body of legal literature.

However, we do agree with Lucy's contention that the award by the jury to Myrtle of $1,000 as exemplary damages under the circumstances is excessive and cannot be permitted to stand. C.R.S. '53, 41-2-2 provides that "such jury, in addition to the actual damages sustained by such party, may award him *reasonable exemplary damages.*" (Emphasis supplied.) In *Starkey v. Dameron,* 92 Colo. 420, 21 P. (2d) 1112, a judgment based on a jury's verdict awarding $100 as compensatory damage and $2,000 as exemplary damage was reversed with the comment that "unreasonable exemplary damages, such as here awarded, will not be sustained, because the punishment 'is not commensurate with the injury done.'" In *Barnes v. Lehman,* 118 Colo. 161, 193 P. (2d) 273 a judgment based on a jury's verdict awarding $500 as actual damage and $2,000 as exemplary damage was reversed with the observation that "exemplary damage should bear some relation to the compensatory award" and "if the punishment is not commensurate with the injury done the award will generally be held unreasonable."

Careful review of the record persuades us that the "injury done" to Myrtle could not be characterized as of great consequence, and that the award of $1,000 as exemplary damages under the circumstances was "unreasonable."

Accordingly, that part of the judgment which awards Myrtle the sum of $1,000 as exemplary damages cannot be permitted to stand. It is therefore ordered that if Myrtle consents to a reduction of the award for exemplary damages to $500 within ten days after the issuance of the remittitur from this Court, judgment shall enter thereon, and the judgment as so amended will stand affirmed. Otherwise the judgment will be reversed as to the issue of damages, both actual and exemplary, and a new trial ordered on that issue alone.

MR. CHIEF JUSTICE FRANTZ and MR. JUSTICE SUTTON concur.