No. 23144.

Margaret L. Larson and Earl Larson *v.* E. L. Lindahl.

(450 P.2d 77)

Decided December 9, 1968.

WILLIAM E. KENWORTHY, for plaintiffs in error.

No Appearance for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

PLAINTIFFS in error, to whom we will refer as plaintiff Margaret and plaintiff husband, received favorable verdicts at the hands of a jury in a malpractice action against defendant in error. Plaintiff Margaret was awarded a sum of $15,000 and plaintiff husband the sum of $1000.

The defendant within apt time filed a motion for judgment notwithstanding the verdict and accompanied it by a motion for new trial on several grounds, one of which was that the plaintiff Margaret was awarded an excessive verdict.

Defendant in error has made no appearance in this court and has filed no brief, but we note from the record that the motion for judgment notwithstanding the verdict was not seriously pressed and that a memorandum brief pointedly arguing the motion for new trial was submitted to the trial court. The trial court did not rule on the motion for new trial and without comment set aside the verdicts and dismissed the complaint. Plaintiffs are here challenging that judgment by the court.

■ The trial court erred in setting aside both judgments. Whether the defendant was guilty of malpractice was disputed, and there was evidence by competent physicians on both sides of the case. In our judgment there was evidence to support the verdict determining that the defendant was liable.

■ The verdict to the plaintiff husband of $1000 was supported by evidence of hospital expenses and loss of consortium. The verdict should not have been set aside,

and we here order it reinstated. However, we are of the opinion that the $15,000 verdict for plaintiff Margaret was excessive and was, in all probability, motivated by passion and prejudice.

There is little doubt from the record, and the testimony is not disputed, that plaintiff Margaret was a sick person when she sought the services of the defendant, a general medical practitioner. She was immediately hospitalized, and there is no dispute that hospitalization was indicated. The evidence of defendant's negligence was that his diagnosis and treatment were not consistent with and were considerably below the standards required of the medical profession in the community. Thus in failing properly to diagnose plaintiff Margaret's illness and in treating plaintiff, defendant hospitalized her for more than 60 days. There was in the evidence medical opinion that this hospitalization was entirely too long and caused her mental suffering, anguish and apprehension that she would be a cardiac cripple. Plaintiff Margaret was entitled to compensatory damages for prolonged hospitalization, which was not necessary, and for the anguish entailed. However, some of the hospitalization was of benefit to her and was indicated. Some of the medicines given her by the defendant to keep her tranquilized and for an obvious swelling of the legs were continued by another physician, and there was no dispute that these medicines were indicated by the symptoms and were properly administered.

Upon being released from the hospital, and after consulting another physician, plaintiff Margaret obtained a speedy and complete recovery. There were no permanent effects, and she resumed all normal activities very soon after being treated by the other physician. Therefore, $15,000 for two months hospital confinement and mental anguish appear to be more than compensatory. The jury may not in its verdict punish a defendant for wrongdoing as it appears was done in this case. As was

said in *Barnes v. Lehman*, 118 Colo. 161, 193 P.2d 273:

"It is difficult to escape the conclusion that this jury included some measure of punishment in the award of actual damages. * * *"

We believe the language in *Ark Valley Alfalfa Mills, Inc. v. Day*, 128 Colo. 436, 263 P.2d 815, although in a different type case, is nevertheless apropos. We there said:

"From a very careful review of the evidence we must conclude that the damages awarded are so obviously disproportionate to the injuries sustained as to warrant the belief that the jury must have been influenced by partiality or prejudice, or were misled by some mistaken view of the merits of the case. * * *"

The judgment is reversed and the cause remanded to reinstate the verdict of $1000 for plaintiff husband and to grant the plaintiff Margaret a new trial on damages alone.

MR. CHIEF JUSTICE MOORE dissents.