No. C—120

**Leo Payne Pontiac, Inc. v.
Joe Ratliff and Jean Ratliff**
497 P.2d 997)

Decided June 5, 1972.

Philip E. Lowery, Thomas A. Gilliam, for petitioner.

Pehr & Newman, William Pehr, for respondents.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

We granted certiorari in this case to consider the petitioner's contention that the decision of the Court of Appeals in *Leo Payne Pontiac, Inc. v. Ratliff,* 29 Colo. App. 386, 486

P.2d 477 relating to the questions of remittitur and excessive exemplary damages is contrary to the established law of this state. The Court of Appeals ruled against the petitioner on all of his assignments of error, but held that the trial court was without jurisdiction to order a remittitur of $4,000 of the $7,500 exemplary damages awarded by the jury without first obtaining the consent of the plaintiff. As one of the grounds in a motion for a new trial, the petitioner asserted that the exemplary damage award was excessive. The Court of Appeals noted that the acceptable procedure would have been to grant the motion for a new trial, but offer the plaintiffs the option of accepting a reduced judgment in lieu of a new trial on the issue of these damages. However, instead of remanding for compliance with this·procedure, the Court of Appeals ordered the reinstatement of the $7,500 exemplary damage award in the jury's verdict.

We reverse that portion of the judgment of the Court of Appeals which orders the trial court to reinstate the jury's exemplary damage award.

Petitioner Leo Payne Pontiac, Inc. will be referred to as the defendant and respondents Ratliff as the plaintiffs.

The plaintiffs brought this action to recover damages allegedly incurred as a result of defendant's misrepresentations that the automobile which plaintiffs purchased from defendant was "brand" new. On August 14, 1968, the plaintiffs purchased a 1968 Pontiac from the defendant. The purchase price was $5,946.26, which price was paid in the form of plaintiffs' 1966 Pontiac as a trade-in, plus $2,600 in cash. The plaintiffs testified that they told defendant's salesman that they wanted a new car, not a demonstrator or executive car, and that the defendant's salesman assured them that the car in question was new, having only been driven from the unloading docks to the defendant's place of business. The plaintiffs testified that the odometer in the car showed 43 miles at the time of purchase.

A few days after taking delivery of the car, the plaintiffs discovered that it has apparently been involved in an accident as evidenced by body work and paint overspray on the

chrome. Further inspection also disclosed a bent frame, a pitted windshield, and a tire which was severely cut around its entire circumference. When efforts were made to contact the defendant about these discoveries, the plaintiffs were at first put off. Finally, Leo Payne, president of the defendant corporation, agreed to repair the damage and replace the tire and windshield. At trial, Payne testified that he had driven the car for personal use; that it had been in a minor collision; and that it had been in a sandstorm. Plaintiffs' demand for rescission of the contract or the plaintiffs' demand for a new car was refused by the defendant.

The jury returned a verdict in favor of the plaintiffs awarding $1,500 as compensatory damages and $7,500 as exemplary or punitive damages. The defendant made a timely motion for judgment notwithstanding the verdict or in the alternative for a new trial. The trial court denied this motion, but unilaterally directed a remittitur when it ordered the amendment of the entry of judgment to show an exemplary damage award of $3,500 rather than the $7,500 award by the jury.

Addressing ourselves first to the remittitur, we agree with the Court of Appeals that the trial judge was without jurisdiction to order a remittitur in the manner in which it was done in this case. C.R.C.P. 59(a)(5) provides that a new trial may be granted if the jury's award of damages is either inadequate or excessive. It is also a basic rule that a trial judge may not change the substance of a jury's verdict upon his own motion. What he may do is grant the motion for a new trial, but at the same time give the prevailing party the option of remitting that portion of the jury's award which is deemed to be excessive, or facing a new trial on damages. If the prevailing party thereafter remits this portion of the award, the trial court would thereupon deny the motion for a new trial and enter a final judgment. *Kresse v. Bennett,* 151 Colo. 549, 379 P.2d 807; *Barnes v. Lehman,* 118 Colo. 161, 193 P.2d 273; 66 C.J.S. *New Trial* § 209.

The record here does not disclose any consent on the part of the plaintiffs to remit, but simply shows a unilateral

amendment by the trial judge of the jury's verdict. The record also discloses that the trial judge denied the motion for a new trial. This denial was not conditioned on the plaintiffs' consent to the remittitur. We therefore affirm that portion of the Court of Appeals' holding which reversed the trial court's issuance of remittitur.

Since the remittitur was declared invalid, the Court of Appeals ordered the reinstatement of the $7,500 award for exemplary damages. In doing so, it found the award to be reasonable in light of the circumstances of this case. The Court of Appeals thus overruled the determination by the trial court that the jury's award of exemplary damages was excessive.

█ The issue as thus framed is whether, as a matter of law, the Court of Appeals had any basis for its finding that the $7,500 exemplary damage award of the jury was reasonable when the trial court, in effect, found it was excessive and therefore, not a reasonable award. For the Court of Appeals' judgment in this respect to be sustainable, it would have to be premised upon a finding that the trial judge abused his discretion by making a determination which cannot be supported by any evidence in the record or which is not in accord with the law. The Court of Appeals made no such finding. No such finding could be made on the basis of our study of this record. Also, in applying the prevailing law in Colorado on the subject of exemplary damages, it is our view that the trial court did not abuse its discretion when it found the jury award of exemplary damages to be excessive. An appellate court may not impress its contrary finding upon a trial court where the record contains evidence to support the trial court's finding which is also in accord with law.

█ Neither this court nor any other appellate tribunal stands in as good a position as the trial court to review the relationship between an award of exemplary damages and the purposes these damages are to serve. Absent a clear abuse of discretion, the trial court's determination in this regard will not be disturbed on review. *See Boise Dodge, Inc. v. Clark,* 92 Idaho 902, 453 P.2d 551; *J. Truett Payne Co. v. Jackson,*

366

281 Ala. 426, 203 So.2d 443; *Clancy v. Reid-Ward Motor Co.,* 237 Mo. App. 1000, 170 S.W.2d 161.

█ The judgment of the Court of Appeals reversing the trial court's remittitur procedure is affirmed. That portion of the Court of Appeals' judgment reinstating the jury's award of exemplary damages is reversed and this cause is to be remanded to the trial court with directions to grant the motion for new trial on the issue of damages only in accordance with the procedure herein described.