Stanley G. DANBURG,
Plaintiff-Appellee,

v.

REALTIES, INC., a Colorado corporation, Defendant-Appellant.

No. 81CA0689.

Colorado Court of Appeals,
Div. I.

Jan. 12, 1984.

440

Roath & Brega, P.C., Robert E. Kendig, Denver, for plaintiff-appellee.

Bosworth & Slivka, P.C., Arthur H. Bosworth II, Michael J. Peterson, Denver, for defendant-appellant.

BERMAN, Judge.

Defendant appeals the trial court's judgment for plaintiff in the amount of $10,000, which amount represents plaintiff's deposit on furniture he never received from defendant corporation, plus interest from the date of the cancellation of the contract between plaintiff and defendant corporation. We affirm.

Plaintiff's evidence at trial showed the following events had occurred. On March 14, 1979, plaintiff met with the president of defendant corporation, Allan Reiver, to arrange for the purchase of furniture and other items for his cabin residence to be constructed in Hayden, Colorado. Plaintiff and Reiver had had previous furniture dealings. During the March 14 meeting, Reiver told plaintiff that he traveled over several continents in the course of his business for the purpose of buying antique furniture and architectural antiques. He further stated that if he saw anything of interest to plaintiff he would bring it back and hold it on approval for the plaintiff, provided that plaintiff "lend" defendant corporation $10,000, which money Reiver said plaintiff could have returned to him at any time, since anything that was purchased would be subject to plaintiff's approval. Plaintiff agreed to this arrangement, but Reiver purchased no furniture for plaintiff.

In April 1979, plaintiff phoned Reiver to inform him that his cabin could not be constructed during the winter months because of the snow, and asked that his $10,000 deposit be returned. Reiver agreed to do so, but nevertheless failed to return plaintiff's money, despite regular calls from the plaintiff throughout the spring and summer, presumably because of defendant corporation's "tight" financial condition. Faced with the continuing nonresponsiveness of defendant corporation and Reiver, and after a final demand by plaintiff's attorney on August 6, 1979, for the return of the $10,000, plaintiff filed the instant law suit to recover his deposit plus interest.

The trial court awarded plaintiff damages in the amount of $10,000 plus interest from the date of August 6, 1979. In support of that award, the trial court found: (1) that an oral contract was formed on March 14, 1979, between plaintiff and defendant corporation in which defendant corporation promised to buy for plaintiff certain furnishings at a price of 25% above cost and freight, if Reiver found them during his European travels; (2) that this was a contract for sale of goods, as opposed to one for the performance of services; (3) that the oral contract provided that "if [Reiver] didn't find [the furniture items] during his travels, that he was to refund the money"; and (4) that "the evidence presented clearly supports the decision that the $10,000 [check presented to Reiver by plaintiff] was a deposit and any monies that were not used were to be refunded." Both parties agree that the $10,000 was never returned to plaintiff. Further, the trial court found that "no goods were presented to plaintiff," thereby implicitly finding the defendant corporation breached its obligation which the court found the defendant had under the contract either to buy goods or refund the $10,000 deposit upon demand, and that, therefore, the contract was "cancelled."

## I.

Defendant corporation's first contention is that the trial court erred in its finding of a contract for a sale of goods, as well as in its findings concerning refund, gross negligence, location of tender, and interest. We disagree.

■ Findings of fact of the trial court, unless "clearly erroneous," may not be set aside on appeal. *Broncucia v. McGee,* 173 Colo. 22, 475 P.2d 336 (1970). Where the record contains evidence, albeit conflicting, to support the trial court's findings and where those findings are also in accord with the law, they must be upheld. *Leo Payne Pontiac, Inc. v. Ratliff,* 178 Colo. 361, 497 P.2d 997 (1972).

■ Here, the evidence in the record, although conflicting, fully supports the trial court's findings: (1) that the oral contract at issue was for goods and not services, (2) that the contract provided that defendant corporation had a duty to refund the $10,000 deposit in the event it purchased no furnishings for plaintiff, and (3) that the location of the tender took place in the office of defendant's president, rather than at the front counter. This is especially true, given the trial court's apparent resolution of the issue of credibility in favor of the plaintiff, instead of Reiver. We need not rule upon the trial court's finding of gross negligence on the part of the defendant corporation for Reiver's failure periodically to check with plaintiff during its search for certain items for plaintiff because such a finding was not essential to the trial court's judgment for plaintiff.

■ As to the issue of interest, § 5–12–102(1)(a), C.R.S.1973 (1982 Cum.Supp.) provides as follows:

> "When money or property has been wrongfully withheld, interest shall be an amount which fully recognizes the gain or benefit realized by the person withholding such money or property *from the date of wrongful withholding* to the date of payment or to the date judgment is entered, whichever first occurs...." (emphasis added)

Here, August 6, 1979, was the date of plaintiff's final demand and from that date

forward, defendant wrongfully withheld plaintiff's money. Therefore, we hold that the trial court was correct in awarding interest on the $10,000 from August 6, 1979. *Isbill Associates, Inc. v. City & County of Denver,* 666 P.2d 1117 (Colo. App.1983).

## II.

Defendant corporation next contends that the trial court erred "by ruling that the UCC or general principles of contract law did not apply." However, the trial court's findings contain no such broad ruling.

■ Furthermore, we hold that the trial court's judgment for plaintiff was in full compliance with applicable law, including, in particular, § 4–2–711(1), C.R.S.1973, which provides, in part:

"Where the seller fails to make delivery ... or the buyer rightfully rejects [the goods], then, with respect to any goods involved, ... the buyer may cancel, and, whether or not he has done so, may ... [recover] so much of the price as has been paid...."

Here, the defendant-seller failed to deliver any furniture. In addition, under the terms of the oral contract, the plaintiff-buyer had a right to reject any and all goods. Plaintiff was within his rights in cancelling the contract when defendant failed either to deliver the furniture or return plaintiff's $10,000. Therefore, under the statute, plaintiff may recover the $10,000 price which he paid.

## III.

Defendant corporation's third argument is that the trial court erred by excluding the testimony of Janie Reiver and by excluding certain exhibits. Again, we disagree.

The trial court precluded the testimony of Ms. Reiver on the ground that the defendant corporation's trial data certificate, listing Ms. Reiver as a witness, was filed late and was not provided to opposing counsel until 4:30 p.m. on the Friday before a Monday morning trial, in contravention of Second Judicial District Rule 14. That rule provides, in part, that a trial data certificate, containing various information, including a list of the names and addresses of all witnesses whom the party expects to call, together with a summary of each witnesses' testimony, shall be filed by each party "at least 30 days prior to the date set for trial."

■ Contrary to defendant corporation's contention that Second Judicial District Rule 14 and C.R.C.P. 16 are mere "technicalities," we hold, as Second Judicial District Rule 14(c) itself states, that compliance with the rule is "mandatory." In enacting and adopting C.R.C.P. 121, our Supreme Court has recognized the authority of district court rules, so long as they do not conflict with the Colorado Rules of Civil Procedure or with any directive of the Supreme Court. Here, Second Judicial District Rule 14(c) conflicts with no other Colorado rules or directives. Therefore, since defendant failed to comply with the local rule and since Second Judicial District Rule 14(c) provides that "in the event of noncompliance with this Rule, the Court may impose any appropriate sanction therefor ..." (apart from precluding a noncomplying *party* from testifying on his own behalf), we hold that the exclusion of the witness' testimony here was proper.

In addition, we note that the defendant corporation was offered and refused a continuance of the trial to allow plaintiff's counsel proper notice of defendant corporation's intention to call Ms. Reiver as a witness, and that Ms. Reiver was permitted to testify as a surrebuttal witness for defendant. In view of all of these factors, we find no error in the trial court's ruling as to the inadmissibility of Ms. Reiver's testimony.

■ In terms of the trial court's exclusion of photographs of a sign allegedly located in defendant corporation's place of business and explaining a no refund policy, we find no error. Since the trial court found inadequate foundation to support the theory that the plaintiff actually saw the

sign, the sign has no relevancy to the contractual transaction at issue here. *See Good v. A.B. Chance Co.*, 39 Colo.App. 70, 565 P.2d 217 (1977). Furthermore, since two defense witnesses testified repeatedly that plaintiff was told that the deposit was nonrefundable, any evidence relating to the sign, such as the exhibits here at issue, would merely be cumulative, and the exclusion of such evidence does not constitute error. *Beeson v. Kelran Constructors, Inc.*, 43 Colo.App. 505, 608 P.2d 369 (1979); *Davis v. Bonebrake*, 135 Colo. 506, 313 P.2d 982 (1957).

IV.

■ Defendant corporation next argues that the trial court erred in allowing plaintiff to call a rebuttal witness after granting the plaintiff's motion for a directed verdict on defendant corporation's counterclaim. However, defendant corporation cites no legal authority, and we find none, to support this assertion of error. CRE 611(a) states:

> "The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment."

Here, the control which the trial court exercised in allowing the plaintiff to call a rebuttal witness after granting the plaintiff's motion for a directed verdict on defendant corporation's counterclaim was completely reasonable.

Defendant corporation's remaining contentions of error are without merit.

Judgment affirmed.

PIERCE and METZGER, JJ., concur.