**C.M. CLARK, Plaintiff-Appellant,**

**v.**

**Bonnie MORRIS, Defendant-Appellee.**

**No. 83CA0748.**

Colorado Court of Appeals, Div. I.

May 30, 1985.

As Modified on Denial of Rehearing July 18, 1985.

Certiorari Denied Dec. 2, 1985.

Barry D. Edwards, Aspen, for plaintiff-appellant.

Victor M. Zerbi, Jr., Glenwood Springs, for defendant-appellee.

STERNBERG, Judge.

The landlord, C.M. Clark, appeals from a judgment awarding actual and punitive damages to the tenant, Bonnie Morris. We affirm.

The record reveals a continuing series of problems between the landlord and tenant, including consistently late rent payments. In February 1979, when once again the rent was not paid when due, the landlord, acting pursuant to § 13–40–101, et seq., C.R.S. (1978 Repl.Vol. 6), began eviction proceedings by posting on tenant's door a demand for payment of rent or possession of the premises. The summons and complaint was also served by posting. The tenant was temporarily in New York and, therefore, did not see the notice; however, the tenant nevertheless learned of the eviction proceedings from the police. During the time that the landlord was attempting to obtain eviction of the tenant, the landlord did not contact the tenant either by telephone or in writing.

Subsequently, at a hearing concerning the summons in the detainer action, the court determined that it did not have jurisdiction because the summons lacked certain statutorily mandated language. A second summons was prepared, but an error was made in the time of the hearing.

After these mistakes, the landlord's attorney testified that he was frustrated and therefore recommended that the landlord exercise self-help. Pursuant to this advice, the landlord removed the tenant's property from the premises, and stacked it in the basement of another property. A neighbor notified the tenant of the dispossession, and the tenant later moved for the immediate return of her property. Thereafter, a trial on the merits was held on the claims of both parties.

The court found that the landlord did not properly evict the tenant; that the eviction constituted a breach of the lease; that there was no proper landlord's lien against the tenant's property; that the seizure of the property constituted conversion and the court awarded $13,561 in actual damages. The court also found that the landlord's actions constituted reckless, wanton, and willful disregard for the tenant's rights, leading to an award of $13,000 exemplary damages.

## I. Propriety of the Eviction

We agree with the trial court's finding that the landlord had illegally dispossessed the tenant of her possessions under either the statutes or the lease. Although the landlord initially attempted to pursue his remedies under § 13–40–101, et. seq., C.R.S., he elected to pursue his remedies under the lease when he did not properly obtain jurisdiction in the statutory forcible entry and detainer action. The relevant provisions of the lease provide:

"Paragraph 12: ... if the lessee shall be in arrears or default in the payment of any installment of rent ... and if said default ... is not corrected within three days after lessor has given written notice thereof, lessor may ... enter into the ... premises ... declare the lease breached and the term of this lease ended; repossess said premises; expel and remove the . lessee ...; all without prejudice to any of the remedies available to the lessor for arrears of rent or breach of the lease. Paragraph 13: ... in the case said premises are left vacant, (and part of the rent due is unpaid), then the lessor may ... without termination of this lease, retake possession of said premises ...."

The trial court determined that the landlord ultimately elected to act solely pursuant to paragraph 13 of the lease.

The landlord contends that his actions were authorized under paragraph 13 of the lease because the premises were left vacant. He argues that "vacant" means

that no persons were present on the premises when he reentered. However, we agree with the trial court that this interpretation of vacant is unfounded in the law. *See Foley v. Sonoma County Farmer's Mutual Fire Insurance Co.*, 108 P.2d 939 (Cal.App.1941). As used in the lease here, the term applies only when the tenant "unilaterally vacates or abandons the premises and the landlord does not accept the premises as a surrender." *See Aigner v. Cowell Sales Co.*, 660 P.2d 907 (Colo.1983). Also, abandonment by a tenant requires proof of the act of abandonment and the intent to relinquish the premises to the landlord. *See Martinez v. Steinbaum*, 623 P.2d 49 (Colo.1981).

■■ Because the tenant had not removed any furnishings from the premises, testified that she had only left the premises temporarily, had attempted to contact the attorney of the landlord prior to the eviction, and had in fact allowed her son to return to the premises during that month, the trial court concluded that there had been no abandonment. It further found the failure of the tenant to pay the rent on time did not imply an intent to abandon since the rent was regularly paid late. All of these findings are supported by the record, and are binding on review. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

We also agree with the trial court's conclusion that the landlord did not properly evict the tenant under paragraph 12 of the lease.

Paragraph 12 authorized reentry by the landlord if the default of rental payments was not corrected within three days after the landlord gave written notice to the tenant. The trial court found that as used in the lease, "written notice" was ambiguous, and, construing the phrase against the drafter and in favor of the party for whose protection it was included, *see Carleno v. Vollmert Tire Co.*, 36 Colo.App. 446, 540 P.2d 1149 (1975), it held that actual written notice was required.

■ It is uncontested that the tenant did not receive actual written notice. The landlord contends that the "constructive notice" authorized by § 13–40–108, C.R.S., part of the forcible entry and detainer statute, is sufficient notice under the lease. However, because the statutory provision relied upon is part of the scheme which permits the landlord to repossess premises only after following the procedural requirements of that statute, including a hearing before a court after sufficient time for the tenant to respond, we agree with the trial court's interpretation of the term. Therefore, the landlord was not entitled to reenter the premises under paragraph 12.

## II. Propriety of the Damages Awarded

■■ Because the landlord wrongfully evicted the tenant, the tenant is entitled to damages that were the actual, natural, direct and proximate result of the wrongful eviction and conversion of the property. *Radinsky v. Weaver*, 170 Colo. 169, 460 P.2d 218 (1969). This includes compensation for damage to the property, the cost of moving, compensation for the time and money spent in pursuit of the converted property, as well as interest on the value of the property from the time of the conversion. *See Masterson v. McCroskie*, 194 Colo. 460, 573 P.2d 547 (1978); *Burroughs v. Garrett*, 67 N.M. 66, 352 P.2d 644 (1960). The actual damages awarded are not excessive as a matter of law, and are supported by the record.

■ The landlord also contends that the trial court's award of exemplary or punitive damages was unwarranted in that the landlord's action was taken on the advice of an attorney, and with the belief that he was entitled to repossession. We disagree. Although the *mere* taking of property under a claim of right over the protest of one in possession is not generally sufficient grounds for exemplary damages in a conversion action, *American National Bank v. Etter Construction Co.*, 28 Colo.App.

511, 476 P.2d 287 (1970), if the taking is done in such a manner as to constitute a wanton and reckless disregard of the injured party's rights, exemplary damages are available. *See* § 13–21–102, C.R.S. (1978 Repl.Vol. 6).

Here, the conversion occurred without legal process and only three weeks after the rent was due. Moreover, the landlord failed either to return the property upon demand, or to file a foreclosure action of his asserted lien. This evidence was sufficient to support the court's finding of reckless disregard of tenant's rights, and therefore, the allowance of damages was within the discretion of the court. *Mince v. Butters,* 200 Colo. 501, 616 P.2d 127 (1980).

The landlord's reliance on the advice of his attorney and his belief that he had the right to reenter could be considered as a mitigating factor in the award of damages, *Richards v. Sanderson,* 39 Colo. 270, 89 P. 769 (1907), but it is not a complete defense. *See Richards v. Sanderson, supra; Carlson v. McNeill,* 114 Colo. 78, 162 P.2d 226 (1945). Furthermore, the exemplary damages awarded are not unreasonable or excessive as a matter of law. *Carlson v. McNeill, supra; Ark Valley Alfalfa Mills, Inc. v. Day,* 128 Colo. 436, 263 P.2d 815 (1953). Therefore, the award will not be set aside.

The landlord's other contentions of error are without merit.

The judgment is affirmed.

BERMAN and METZGER, JJ., concur.