**Robert C. EVANS, Plaintiff–Appellant,**

v.

**Robert THOMPSON, also known as Bobby Thompson, d/b/a "Bobby Bail Bonding", Defendant–Appellee.**

**No. 86CA0940.**

Colorado Court of Appeals, Div. II.

July 7, 1988.

Rehearing Denied Sept. 1, 1988.

Maley and Schiff, P.C., John T. Maley, Denver, for plaintiff-appellant.

James W. Robnett, Denver, for defendant-appellee.

NEY, Judge.

In this assault case, plaintiff, Robert C. Evans, appeals the trial court's judgment notwithstanding the verdict setting aside the jury's award of exemplary damages and an order "suspending" a term of body execution. We reverse and remand to the trial court.

Defendant, a bail bondsman, mistook plaintiff for another individual who had recently "jumped" bail. Defendant injured plaintiff in a struggle and threatened him with a gun. The jury awarded plaintiff $1000 in actual damages and $10,000 in exemplary damages. The trial court set aside the verdict for exemplary damages, finding that the plaintiff had not presented any evidence regarding the defendant's economic status, which the court held to be an essential element of proof for exemplary damages. Plaintiff alleges that this is error. We agree.

The trial court erroneously interpreted *Leidholt v. District Court,* 619 P.2d 768 (Colo.1980) and *Palmer v. A.H. Robins Co.,* 684 P.2d 187 (Colo.1984), to require evidence of the financial condition of the defendant as a prerequisite to an award of exemplary damages. Neither of these cases hold that such evidence is mandatory, but rather, that evidence of the defendant's financial condition is a proper factor to be considered by the jury in fixing the amount of exemplary damages. The extent of the

defendant's assets may be considered to insure that the award will punish the defendant, for what may be punishment to one defendant may not be sufficient punishment for another. *Leidholt, supra; Mailloux v. Bradley,* 643 P.2d 797 (Colo. App.1982).

At the time of this action, either party could introduce evidence of the defendant's financial condition pursuant to § 12–21–102, C.R.S., then in effect. If a defendant had few assets, he might introduce such evidence to demonstrate that a minimal award of exemplary damages would serve the punishment and deterrence functions. Similarly, a plaintiff could introduce evidence of the defendant's wealth to demonstrate the need for a large award of exemplary damages. However, failure of either party to take advantage of the opportunity to present such evidence would not vitiate the claim for exemplary damages. *See Rinaldi v. Aaron,* 314 So.2d 762 (Fla.1975), discussed in Annot. 79 A.L.R.3d 1132 (1972).

Finally, we note that in *Palmer, supra,* upon which the trial court relied, the financial status of the defendant was not considered by the jury in awarding punitive damages. Our supreme court indicated that it found no reversible error on these grounds. *Palmer v. A.H. Robins, Co., supra,* at 220.

The plaintiff also alleges that the trial court erred in suspending the term of body execution. We do not address the plaintiff's contention since the body execution statutes have been held unconstitutional. *Kinsey v. Preeson,* 746 P.2d 542 (Colo. 1987).

The judgment is reversed, and the cause is remanded with directions to enter judgment on the jury verdict and to vacate the order for body execution.

SMITH and VAN CISE, JJ., concur.