## No. 18,978.

WILLIAM J. GRANDELL, ET AL *v.* JAMES J. TYLER, ET AL.
WILLIAM J. GRANDELL, ET AL. *v.* L. B. LASHBROOK,
ADMINISTRATOR, ETC.
(355 P. [2d] 1091)

Decided October 10, 1960.   Rehearing denied October 31, 1960.

Messrs. PORTER & KLINGSMITH, for plaintiffs in error.

Messrs. DUTCHER & BRATTON, for defendants in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

WE shall refer to the parties as they appeared in the trial court in two separate actions, consolidated for the purpose of trial, wherein James J. Tyler, Bonnie F. Beeson and Richard O. Tyler, a minor, were plaintiffs in one action and L. B. Lashbrook, administrator of the estate of Iva F. Tyler, was plaintiff in the other. Both suits were against Willard J. Grandell and Ralph J. Sangosti, co-partners doing business as G & S Plumbing and Heating. Both actions were predicated on the wrongful death statute, the first was instituted on behalf of the children and sole heirs of decedent, Iva F. Tyler, and the second was brought by the administrator of decedent's estate for medical and hospital expenses.

The actions were based on the negligence of the driver of a truck belonging to defendants and operated in the course of their business.

Defendants by answer denied negligence on the part of their employee and set up contributory negligence on the part of Iva F. Tyler, the deceased, together with allegations stating that her death was the result of an unavoidable accident. By reply plaintiffs alleged that if deceased was negligent, the accident could still have

been avoided by defendants exercising reasonable care (last clear chance doctrine).

Trial was to a jury resulting in verdicts in favor of plaintiffs in each action, and from the judgments thereon entered defendants bring the case for review.

For reversal it is urged that the trial court erred in refusing to direct a verdict for defendants; in giving certain instructions; and that the amounts awarded plaintiffs were excessive and the result of passion and prejudice on the part of the jury.

There is evidence in the record to show that defendants' employee was negligent in the operation of the truck which caused the death of Mrs. Tyler, together with ample and competent evidence showing that he had a last clear chance to avoid the accident, assuming, according to defendants' theory, that decedent was not crossing the street in the pedestrian line.

Many of the facts were stipulated by the parties. Suffice it to say that this unfortunate accident happened at the intersection of two main streets in Gunnison, Colorado, during the day time. Decedent was crossing the street with the green signal light, walking in the pedestrians' lane. (There was some evidence to the contrary.) Defendants' truck made a right-hand turn and struck decedent, knocked her to the ground after carrying her a distance on the fender of the truck and finally passing over her body. She died several days later. It was snowing at the time of the accident, and evidence disclosed that there was a small area of about eight inches on each side of the windshield of the truck which enabled the driver to see ahead. The defendants' driver's view was entirely obscured through his right front window which was covered with ice, snow and fog; he admitted that he was not looking in the direction of Mrs. Tyler, and that his view through the right front window was obscured. In addition the vision of the driver's right eye was impaired so that he could only distinguish light with that eye.

■ There was substantial and competent evidence before the jury upon which it was justified in returning verdicts for plaintiffs. Where the testimony in support of a claim is not so inherently improbable as to compel the court to disregard the statements of witnesses, consideration must be given thereto. Here the jury returned verdicts for the plaintiffs, after the trial judge, who heard all of the evidence, had denied defendants' motion for a directed verdict. While some of plaintiffs' evidence was disputed by defendants, the jury was the trier of the facts and had the duty to evaluate and determine the weight thereof in rendering its verdicts. Under such circumstances we have consistently held that a verdict so rendered cannot be disturbed.

■ We find nothing even remotely indicative of passion or prejudice on the part of the jurors. It is incumbent on a party challenging a verdict on such ground to produce facts showing such verdict to be the result of passion or prejudice. This defendants failed to do.

■ Defendants suggest error in the trial court's ruling excluding Exhibit 6 from evidence. This exhibit is a report of the accident made by the Chief of Police, Burl Cox, of Gunnison, who was not available at the trial of the instant case, but his testimony given on a former trial of the same action was, by stipulation, read into the record. Counsel for defendants offered Exhibit 6 in an attempt to impeach the testimony of Mr. Cox. Nowhere in his examination, either direct or cross, was the witness asked concerning this exhibit, or any alleged inconsistent statements in the report. The trial court properly excluded the exhibit under the well-known rule that a witness must be confronted with his inconsistent statements or writings in order to render such statements or writings admissible in evidence. At the time of the trial Cox was not available as a witness. The report he made did not prove itself. We have examined the exhibit and find nothing therein inconsistent with his testimony. Obviously most of this report was hear-

say, predicated on what other persons told him; he did not arrive at the scene of the accident until some five minutes after it occurred.

Instruction No. 4 is identical with the instruction approved in *Sherman v. Ross,* 99 Colo. 354, 62 P. (2d) 1151. There, as here, the first paragraph of the instruction defined actionable negligence, and the court stated: " * * * In the light of the definition given, the court was technically and logically correct in advising the jury that while the same degree of care was required of the driver and of the pedestrian, the amount of care exacted by law of the driver is far greater than the amount exacted of the pedestrian." We find no prejudicial error in instruction No. 4 of the present case.

█ Instruction No. 4a is that disabilities, if any, of either plaintiff or defendants' driver may be considered by the jury on the issue of negligence. There can be no question that this is the law. Defendants' driver testified that he suffered from visual defects and could only distinguish light out of his right eye. There was sufficient evidence to justify the giving of instruction No. 4a.

█ The jury has the right to take into consideration, in determining who was negligent, all of the facts and circumstances that in any way had to do with the accident, viz: the condition of the weather, of the vehicle, of the persons involved; whether they were drunk or sober, asleep or awake, and whether they had any physical disabilities. This instruction pointed to no particular disability, and was equally applicable to the pedestrian and to defendants' employee.

Instruction No. 5a is the stock instruction on last clear chance. Under defendants' theory of the case such an instruction was applicable. In *Lambrecht v. Archibald,* 119 Colo. 356, 203 P. (2d) 897, the facts, pleadings and evidence are strikingly similar to the instant case. It was there said: "Assuming, as defendant would have us to, that decedent was traversing South Broadway between intersections, in violation of applicable traffic

ordinances, nevertheless, a factual question for the jury's determination was presented, and it was its prerogative, with competent evidence before it and proper instructions, to determine whose negligence was the proximate cause of the accident and consequent injuries."

Under all the evidence disclosed by the record in the present case, there was no error in submitting to the jury the issue arising from the application of the doctrine of last clear chance. The clear and lucid enunciation of the law in *Sherman v. Ross*, supra, and *Lambrecht v. Archibald*, supra, disposes of the main contentions of defendants.

Although at the trial no objection was made to the giving of instruction No. 8a and no specification of error was assigned in defendants' motion for a new trial to the giving of instruction No. 10, we have nevertheless considered these instructions and find no error therein.

Perceiving no prejudicial error in the record, the judgment is affirmed.

MR. JUSTICE HALL and MR. JUSTICE FRANTZ specially concur.

MR. JUSTICE HALL specially concurring:

I concur in the affirmance of the judgment and agree with the majority that Exhibit 6 was properly excluded from evidence. However, I feel that said exhibit was inadmissible for reasons other than those assigned in the majority opinion.

Parties who offer evidence impliedly and necessarily request that the same be considered by the judge or jury in determining the matters in issue. A party offering evidence vouches therefor. In *C. B. & Q. R. R. Co. v. Roberts*, 35 Colo. 498, 84 Pac. 68, this court said:

" * * * The plaintiff, by calling him as his witness, vouched for his credibility, and while he might be permitted to contradict his statements by other competent witnesses if he was able to do so, he would not be per-

mitted to *impeach his credibility, or otherwise discredit his testimony. * * *."* (Emphasis supplied.)

In *Pacific Life Co. v. Van Fleet,* 47 Colo. 401, 107 Pac. 1087, this court said:

" * * * A party who calls a witness *may not directly impeach him,* yet he is not precluded from producing other witnesses whose testimony is contradictory. * * *." (Emphasis supplied.)

In *Cowles v. People,* 107 Colo. 161, 110 P. (2d) 249, this court said:

" * * * But the rule [against self-impeachment] does not prevent a party from showing that his witness has made false statements at some other time and place. It simply prohibits a party from attacking one for whom he has vouched to the court by repudiating the very evidence he has thus produced. * * *."

The parties having stipulated that the testimony of Cox ("being one of the witnesses of either party") given at the previous trial be introduced in evidence, read to the jury and by them considered in arriving at a verdict, vouched for such testimony, and neither is "permitted to impeach his [Cox's] credibility, or otherwise discredit his testimony."

Mr. Justice Frantz joins in this specially concurring opinion.