## No. 79SC305

**Leslie Gene Mince v. Darren Lee Butters, by and through his next friend, Bonnie D. Butters**

(616 P.2d 127)

Decided September 2, 1980.

502

White and Steele, P.C., R. Eric Peterson, Glendon L. Laird, for petitioner.

Anderson, Calder & Lembke, P.C., Stephen P. Calder, Gary L. Calder, for respondent.

*En Banc.*

JUSTICE QUINN delivered the opinion of the Court.

We granted certiorari to review the decision of the court of appeals in *Butters v. Mince,* 43 Colo. App. 89, 605 P.2d 922 (1979). We reverse the judgment of the court of appeals and remand the cause to that court for determination of other issues.

The respondent-plaintiff, Darren Butters (Butters), by and though his mother as next friend, commenced a tort action against the petitioner-defendant, Leslie Mince (Mince), as a result of an accident on February 3, 1976. Butters, who was then 14 years old, was riding a bicycle outside a designated bicycle path in an easterly direction on East Sixth Avenue in Aurora, Colorado, when he was struck by a pickup truck operated by Mince. Butters sustained several injuries, including a fractured pelvis. Mince stipulated at trial that he was intoxicated and negligent at the time of the accident. The only issue submitted to the jury were Butter's contributory negligence, proximate causation, general and special damages, and whether punitive damages should be assessed against Mince.

The trial court instructed the jurors, in accordance with *Colo. J.I.* 5:3, that upon an award of actual damages to Butters, they may then award a reasonable sum as exemplary damages if satisfied beyond a

reasonable doubt that Butters' injuries were attended by a wanton and reckless disregard of his rights and feelings. The trial court refused to give the following instruction tendered by Butters:

"The operation of a motor vehicle by one who is consciously under the influence of intoxicating liquor so as to impair the ability of the operator to drive carefully, is a wanton and reckless disregard for the rights and safety of others."

The jury found that Butters was 10% contributorily negligent and fixed his compensatory damages at $1,500, which were accordingly reduced to $1,350.[1] The jury also found by special verdict that Mince was not guilty beyond a reasonable doubt of wanton and reckless conduct.

Butters appealed to the court of appeals, alleging that the trial court erred in refusing his tendered instruction, and that the compensatory damages awarded by the jury were inadequate. In reversing the judgment the court of appeals noted that the instruction tendered by Butters "was, in effect, a request for a directed verdict, taking the issue of wanton and reckless disregard from the jury". Nevertheless, the court held that Butters was entitled to such an instruction because reasonable persons could reach only one conclusion based on the evidence: "that [Mince's] intoxication constituted wanton and reckless disregard of [Butters'] rights and safety." The court of appeals remanded for a new trial on compensatory and exemplary damages, but made no determination that the jury's total award of $1,500 compensatory damages was inadequate. We conclude that the court of appeals erred.

## I. EXEMPLARY DAMAGES

In Colorado exemplary damages are a creature of statute. Section 13-21-102, C.R.S. 1973, which is almost identical to the original statute enacted in 1889, Colo. Sess. Laws 1889, p. 64, provides in pertinent part:

"In all civil actions in which damages are assessed by a jury for a wrong done to the person . . . and the injury complained of is attended by circumstances of . . . a wanton and reckless disregard of the injured party's rights and feelings, the jury, in addition to the actual damages sustained by such party, may award him reasonable exemplary damages."

See also C.R.C.P. 101(d). The general purposes of exemplary damages are punishment of the defendant and deterrence against the commission of similar offenses by the defendant or others in the future. See, e.g., Frick

---

[1] Section 13-21-111, C.R.S. 1973. The jury also awarded Bonnie D. Butters $1,500 on her claim against Mince for medical expenses incurred by Mrs. Butters on behalf of her injured son. This amount was reduced by 10%, representing the percentage of contributory negligence found by the jury, and by another $894.65, representing the amount of medical bills paid by Mince's insurance carrier under the Colorado Auto Accident Reparations Act (No-fault), section 10-4-701 et seq., C.R.S. 1973. Mrs. Butters did not appeal this judgment for medical expenses.

*v. Abell,* 198 Colo. 508, 602 P.2d 852 (1979); *Ark Valley Alfalfa Mills, Inc, v. Day,* 128 Colo. 436, 263 P.2d 815 (1953); *French v. Deane,* 19 Colo. 504, 36 P. 609 (1894). Consistent with those purposes, section 13-25-127(2), C.R.S. 1973, requires that the plaintiff establish a claim for exemplary damages beyond a reasonable doubt.

Butters argues that since his tendered instruction would have been appropriate for a jury determination of liability under the previously existing guest statute, section 42-9-101, C.R.S. 1973 (repealed Colo. Sess. Laws 1975, ch. 379, sec. 1 at 1568), it is proper in this case, where the standard of culpability for punitive damages is identical to guest-statute liability. We do not agree.

Admittedly, Mince's operation of a motor vehicle while under the influence of intoxicating liquor properly may be viewed as a violation of an important societal standard of conduct, section 42-4-1202, C.R.S. 1973, thereby giving rise to an obligation to compensate persons for injuries caused by that violation. *See, e.g., City and County of Denver v. De Long,* 190 Colo. 219, 545 P.2d 154 (1976); *Ankeny v. Talbot,* 126 Colo. 313, 250 P.2d 1019 (1952); *Barsch v. Hammond,* 110 Colo. 441, 135 P.2d 519 (1943). In such a case the liability to an injured person flows from the offender's action. It is quite another matter, however, to conclude that in addition to compensation, the defendant should be punished *as a matter of law* over and above the amount of just compensation determined by the jury.

In the context of this case, the infirmity of the tendered instruction is that it is tantamount to a directed verdict against the defendant on the plaintiff's claim for punitive damages. The California Supreme Court, in speaking to this issue, made the following observation which we find persuasive:

"A plaintiff, upon establishing his case, is always entitled of right to compensatory damages. But even after establishing a case where punitive damages are permissible, he is never entitled to them. The granting or withholding of the award of punitive damages is wholly within the control of the jury, and may not legally be influenced by any direction of the court that in any case a plaintiff is entitled to them." *Davis v. Hearst,* 160 Cal. 143, 173, 116 P. 530, 543 (1911).

*See also, e.g., Brewer v. Second Baptist Church,* 32 Cal. 2d 791, 197 P.2d 713' (1948); *Syester v. Banta,* 257 Iowa 613, 133 N.W.2d 666 (1965); *Malco, Inc. v. Midwest Aluminum Sales, Inc.,* 14 Wis. 2d 57, 109 N.W.2d 516 (1961); *Mader v. Stephenson,* 552 P.2d 1114 (Wyo. 1976).

■ The court of appeals erred in holding, in effect, that Butters was entitled to a directed verdict on exemplary damages. While the question of the sufficiency of evidence to justify an award of exemplary damages is a question of law, *e.g., Reyher v. Mayne,* 90 Colo. 586, 10

P.2d 1109 (1932), the allowance or denial of such damages rests in the discretion of the trier of fact. *See, e.g., Bolten v. Gates,* 105 Colo. 571, 100 P.2d 145 (1940); *Schlessman v. Brainard,* 104 Colo. 514, 92 P.2d 749 (1939). "[T]he trier of fact is not required to award punitive damages in a case in which they are permissible, and it is error for a trial judge to instruct the jury that punitive damages must be given." *Restatement (Second) of Torts,* § 908, Comment d (1979); *accord,* C. McCormick, *Damages* § 84 (1935); D. Owen, *Punitive Damages in Products Liability Litigation,* 74 *Mich. L. Rev.* 1258, 1337-39 (1976). Thus, we hold that even where the evidence might irrefutably establish a basis for exemplary damages, the decision to award such damages is an exclusive function of the jury, and it would be error for a trial court to direct the jury to make such an award![2]

## II. THE REMAND ON DAMAGES

■ In its order of remand the court of appeals ordered a new trial on compensatory and punitive damages. However, the court of appeals made no determination of the adequacy or inadequacy of the compensatory damages awarded to Butters. If the verdict is manifestly inadequate, or so small in amount as to clearly and definitely indicate that the jury neglected to take into consideration evidence of Butters' injuries, pain and suffering, and resulting disability, if any; or if the record indicates that the jury was influenced by prejudice, passion or other improper considerations; or if the jury was improperly instructed on the elements of compensatory damages, then a new trial on the issue of damages would be warranted. *See, e.g., Kistler v. Halsay,* 173 Colo. 540, 481 P.2d 722 (1971); *Denton v. Navratil,* 170 Colo. 158, 459 P.2d 761 (1969); *Lewis v. Great Western Distributing Co.,* 168 Colo. 424, 451 P.2d 754 (1969); *Staples v. Langley,* 148 Colo. 498, 366 P.2d 861 (1961); *Lehrer v. Lorenzen,* 124 Colo. 17, 233 P.2d 382 (1951); *Reynolds v. Farber,* 40 Colo. App. 467, 577 P.2d 318 (1978). In the absence of an articulated basis in fact or law, a new trial on damages would not be justified. The court of appeals must make this determination based on the record and the contentions of the parties as set forth in their briefs filed with that court.[3]

---

[2] A directed verdict on exemplary damages in a comparative negligence case, such as this, creates the anomaly of determining as a matter of law the defendant's greater culpability for a wanton and reckless disregard of others' rights, while simultaneously submitting to the jury for their consideration the issue whether the defendant should be held responsible to the plaintiff for damages under the lesser standard of comparative negligence. Generally, punitive damages cannot be awarded without some form of liability having been established against the defendant. *See, e.g., Armijo v. Ward Transport, Inc.,* 134 Colo. 275, 302 P.2d 517 (1956); *Ress v. Rediess,* 130 Colo. 572, 278 P.2d 183 (1954).

[3] Prior to trial Mince made an offer of judgment under C.R.C.P. 68. The trial court assessed certain costs against Butters because the judgment was less favorable than the offer. The propriety of the trial court's order of assessment, which was an issue before the court of appeals, should also be determined by that court in connection with the issue of the adequacy or inadequacy of damages.

Accordingly, the judgment is reversed and the cause is remanded to the court of appeals for further proceedings in accordance with the views expressed herein.

JUSTICE LEE does not participate.