Charlene L. STEELE, Plaintiff–Appellant,

v.

Mary L. LAW, Defendant–Appellee.

No. 02CA0064.

Colorado Court of Appeals, Div. IV.

April 10, 2003.

Certiorari Denied Nov. 17, 2003.

Killian & Guthro, P.C., J. Keith Killian, Joanna C. Jensen, James R. Angel, Grand Junction, Colorado, for Plaintiff–Appellant.

James R. Alvillar & Associates, James R. Alvillar, Rachelle Roberson, Grand Junction, Colorado, for Defendant–Appellee.

Opinion by Judge KAPELKE.

In this personal injury action, plaintiff, Charlene L. Steele, appeals from the judgment entered upon a jury verdict in her favor and against defendant, Mary L. Law. Plaintiff challenges the trial court's denial of her motion for new trial on the issue of damages and her requests for an award of expert witness fees and for assessment of interest on the cost award from the date of her injury. We affirm.

Plaintiff alleged that she suffered injuries when her car was struck from behind by defendant's car. The jury found that defendant was negligent and awarded plaintiff $12,000 for permanent physical impairment, but no damages for economic loss or any other noneconomic loss. The trial court denied plaintiff's motion for new trial on the damages issues.

The court also denied plaintiff's request for an award of expert witness fees, concluding she had not shown they were reasonable. In addition, the court determined that plaintiff was not entitled to interest on the cost award from the date of injury.

## I.

Plaintiff contends that the trial court erred in denying her motion for new trial on damages. We disagree.

## A.

Initially, plaintiff asserts that the court applied the wrong standard in ruling on her motion for new trial. Although we agree that the court used an incorrect standard, we nevertheless find no basis for reversal.

As plaintiff points out, the trial court apparently applied the standard governing motions for judgment notwithstanding the verdict (JNOV), rather than that for motions for new trial based on alleged inadequacy of the damages award.

The court stated in its order: "The Court is not permitted to substitute its judgment for that of the jury, and in fact is required to view the evidence in a light most favorable to the jury's verdict," citing *Tuttle v. ANR Freight System, Inc.*, 797 P.2d 825 (Colo.App. 1990).

The *Tuttle* case involved a motion for JNOV, not a motion for new trial. Unlike with respect to a motion for JNOV under C.R.C.P. 59(a)(2), in ruling on a motion for new trial under C.R.C.P. 59(a)(1) and (d), a trial court is not required to view the evidence in the light most favorable to the nonmoving party and has discretion to grant a new trial even where some trial evidence supports the jury's verdict. *Cissell Mfg. Co. v. Park*, 36 P.3d 85 (Colo.App.2001).

Plaintiff correctly points out that the standard governing a motion for new trial based on alleged inadequacy of damages is whether it can be said with certainty that the verdict is grossly and manifestly inadequate or so small as to indicate clearly and definitely that the jury neglected to consider the evidence or was influenced by prejudice, passion, or other improper considerations. *See Mince v. Butters*, 200 Colo. 501, 616 P.2d 127 (1980);

*Lehrer v. Lorenzen,* 124 Colo. 17, 233 P.2d 382 (1951); *Martinez v. Shapland,* 833 P.2d 837 (Colo.App.1992).

As discussed below, however, even under the proper standard, plaintiff failed to demonstrate an entitlement to a new trial on damages.

### B.

Whether to grant a new trial for inadequate damages is within the discretion of the trial court, and its ruling will not be disturbed in the absence of abuse of discretion. *Koch v. Dist. Court,* 948 P.2d 4 (Colo. 1997). If the court concludes that the verdict is contrary to the weight of the evidence, it may grant a new trial. However, unless the court determines there has been a miscarriage of justice, it should let the verdict stand. *Anderson v. Watson,* 929 P.2d 6 (Colo.App.1996), *aff'd,* 953 P.2d 1284 (Colo. 1998).

A reviewing court should overturn a jury verdict on damages only upon a showing that the jury's action was arbitrary and capricious or that the jury was swayed by passion or prejudice. *Lee's Mobile Wash v. Campbell,* 853 P.2d 1140 (Colo.1993).

In *Lee's Mobile Wash,* the supreme court refused to upset a jury verdict awarding "zero" economic damages to an injured motorist, even though it was stipulated that the motorist had met the threshold for medical expenses and the jury had found both causation and injury. The court concluded that the jury could have found that the injuries, while severe enough to require medical attention, were nevertheless "de minimis."

Here, the jury's failure to award any economic damages or any noneconomic damages other than for permanent physical impairment reflects neither arbitrary action nor a disregard of the evidence. From the evidence presented, the jury reasonably could have found that any pain and suffering, inconvenience, emotional stress, or impairment of quality of life plaintiff suffered as a result of the accident was de minimis.

In this regard, the jury could have credited the testimony of the defense expert who opined that plaintiff's injury was similar to the strain a sedentary person would experience after raking leaves in the yard and that it quickly resolved without need for medical intervention. In addition, the jury could have reasonably found from the evidence that plaintiff had not incurred any allowable loss of earnings or medical expenses.

As the trial court noted, "From the evidence the jury could easily have concluded that the Plaintiff suffered only very minor injuries from a low impact collision and that many of her medical and pain and suffering damages were not at all caused by the accident, and those that were resolved within a year."

Under the circumstances, the verdict was not shown to be grossly and manifestly inadequate or to have been influenced by passion, prejudice, or other improper considerations. *See Mince v. Butters, supra.*

Accordingly, we conclude that the trial court did not abuse its discretion in denying the motion for new trial on the issue of damages.

### II.

Plaintiff next contends that the trial court erred in refusing to award her claimed expert witness fees as costs. We disagree.

Following trial, plaintiff filed her bill of costs, which included a request for $8,349.75 in expert witness fees. The bill of costs set forth the total amount of fees claimed for each expert and a brief description of the nature of the services provided, such as "Trial Preparation, Trial Testimony." Plaintiff attached a document entitled "Detail Cost Transaction File," which was apparently a printout of a ledger of costs paid by the law firm. However, plaintiff did not submit copies of the expert witnesses' bills or provide any itemization of the fees charged.

Defendant objected to the request for expert witness fees, based on plaintiff's failure to itemize them or attach documentation demonstrating their reasonableness. Plaintiff responded that the fees were reasonable and expressly requested that the court deny defendant's request for a hearing.

In denying plaintiff's request for expert witness fees, the court found that, although the number of experts was reasonable and the experts' testimony was necessary, no showing had been made that the requested fees were reasonable. In its order, the court stated:

Nothing has been submitted to the Court regarding the hourly rate of each witness or the amount of time they spent on this case. While Plaintiff arguably could establish the hourly rate of each expert, the amount of time they spent on this case, and the reasonableness of their fees at a cost hearing, Plaintiff objects quite vociferously to a cost hearing. It is in fact the plaintiff's burden to establish entitlement to reimbursement for these costs. Plaintiff has not shouldered this burden with regard to these experts, despite being given the opportunity to file a reply after being put on notice of the basis of Defendant's objection, and despite also having filed an amended motion. The Court therefore disallows the reimbursement for Plaintiff's experts.

Plaintiff filed a motion for reconsideration, which included an itemization of the expert fees charged and copies of the bills. The trial court denied the motion.

### A.

Plaintiff asserts that the trial court erred in refusing to give her the opportunity to prove her entitlement to expert fees at a hearing on costs. We disagree.

A prevailing party is entitled to an award of reasonable costs pursuant to C.R.C.P. 54(d). Section 13–16–122, C.R.S. 2002, sets forth the factors a trial court should consider in determining what costs to award. Whether to award expert witness fees and the amount, if any, to be awarded are matters within the sound discretion of the trial court, whose ruling will not be reversed on appeal absent a clear abuse of discretion. Only reasonable expert witness fees may be awarded. *Trinity Universal Ins. Co. v. Streza*, 8 P.3d 613 (Colo.App. 2000).

When the reasonableness of expert fees is contested, the party challenging the fee request is entitled to an evidentiary hearing. *Dunlap v. Long*, 902 P.2d 446 (Colo.App.1995). However, the trial court has no obligation to order a cost hearing sua sponte, *Schmidt Constr. Co. v. Becker–Johnson Corp.*, 817 P.2d 625 (Colo.App.1991), and a party requesting costs has no right to a hearing. *Fed. Ins. Co. v. Ferrellgas, Inc.*, 961 P.2d 511 (Colo.App.1997).

Here, the trial court determined that plaintiff had failed to provide sufficient documentation and itemization to establish her entitlement to expert witness fees. The court was under no obligation to order a costs hearing, and, as noted, plaintiff had expressly requested that the court *not* hold such a hearing. Under these circumstances, we find no abuse of discretion in the trial court's denial of plaintiff's request for expert witness fees.

### B.

Plaintiff next argues that the trial court erred in denying her motion to reconsider its ruling on the expert witness fees, which she alleged was based on mistake of fact. We disagree.

A trial court's decision on a motion to reconsider may not be reversed on appeal absent an abuse of discretion. *Halter v. Waco Scaffolding & Equip. Co.*, 797 P.2d 790 (Colo.App.1990).

In denying plaintiff's motion for reconsideration here, the trial court found that there had been no mistake, "except perhaps the one committed by Plaintiff in failing to provide this information to the Court," and that no new evidence had been presented to justify reopening the issue. Notably, plaintiff has not asserted that the documentation necessary to establish the reasonableness of the expert witness fees was unavailable at the time she filed her bill of costs. Nor has she offered any other explanation for the lack of documentation and itemization.

Thus, we find no abuse of discretion.

## III.

 Finally, relying on § 13–21–101(1), C.R.S.2002, plaintiff contends that the trial court erred in failing to award her nine percent interest on her cost award from the date of her injury. We reject the contention.

Section 13–21–101(1) provides that the plaintiff in a personal injury action may claim interest on the damages sought from the date the action accrued and that the court shall add such interest to the amount of damages assessed by the jury or the court. Plaintiff maintains she is entitled to interest on the cost award because the costs were incurred as a result of the accident and were thus "damages," within the meaning of the statute. We are not persuaded.

 Under the well-established American rule, costs, like attorney fees, generally are not considered actual damages "because they are not the legitimate consequences of the tort or breach of contract sued upon." *Bunnett v. Smallwood*, 793 P.2d 157, 160 (Colo.1990)(quoting *Taxpayers for Animas–La Plata Referendum v. Animas–La Plata Water Conservancy Dist.*, 739 F.2d 1472, 1480 (10th Cir.1984)). An exception to the American rule applies where the attorney fees or costs are the subject of the lawsuit, as for example, where the suit is brought by an attorney to enforce a fee agreement.

The exception does not apply here, however, because the costs were not an award of "damages" within the meaning of § 13–21–101(1). Therefore, the trial court did not err in denying plaintiff's request for interest on the cost award from the date of her injury.

The judgment is affirmed.

Judge DAILEY and Judge METZGER * concur.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and