Jessica PETERSON, n/k/a Jessica Manwaring, Plaintiff–Appellant,

v.

Jimmy J. TADOLINI, Defendant–Appellee.

No. 03CA0271.

Colorado Court of Appeals, Div. I.

July 1, 2004.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2003.

Holland and Hart, LLP, A. Bruce Jones, Patricia Dean, Denver, Colorado, for Plaintiff–Appellant.

George D. Browning and Associates, Matthew J. Hogsett, Westminster, Colorado, for Defendant–Appellee.

Opinion by Judge NEY.[*]

In this negligence action arising out of an auto-pedestrian accident, plaintiff, Jessica Peterson, n/k/a Jessica Manwaring, appeals the judgment awarding her zero noneconomic damages against defendant Jimmy J. Tadolini. We affirm in part, reverse in part, and remand for a new trial on the question of damages.

The evidence was undisputed that in December 1998, defendant struck plaintiff with his car as she crossed a street, resulting in physical injuries including fractures of two vertebrae. Plaintiff's injuries required hospitalization, subsequent medical treatment and physical therapy.

After trial, the jury found for plaintiff and determined that defendant was fifty-five percent at fault and plaintiff was forty-five percent at fault. The jury also found that plaintiff suffered $25,415.97 in economic damages and zero noneconomic damages. The trial court entered judgment for plaintiff in the amount of $13,978.78. The trial court denied plaintiff's motion for a new trial. This appeal followed.

[*] Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

## I.

Plaintiff contends that the trial court erred by refusing her tendered instruction on the comparative duties of drivers and pedestrians. We disagree.

The form of the instructions given at trial is a matter within the discretion of the trial court, and it is not error for the trial court to refuse an instruction, even if correct in legal effect, if the other instructions given adequately inform the jury of the applicable law. States v. R.D. Werner Co., 799 P.2d 427 (Colo.App.1990); see Montgomery Ward & Co. v. Kerns, 172 Colo. 59, 470 P.2d 34 (1970).

In instructing the jury in a civil case, the court shall use applicable instructions contained in the Colorado Jury Instructions (CJI). C.R.C.P. 51.1(1). Where no CJI instruction is on point, or where the factual situation or a change in the law warrants a departure from the CJI instructions, the court shall instruct the jury as to the prevailing law applicable to the evidence in a manner that is clear, unambiguous, impartial, and free from argument. C.R.C.P. 51.1(2).

Here, plaintiff tendered the following instruction drawn from Grandell v. Tyler, 144 Colo. 233, 355 P.2d 1091 (1960), and Sherman v. Ross, 99 Colo. 354, 62 P.2d 1151 (1936):

> The law requires a greater amount of care on the part of a driver of an automobile to amount to ordinary care toward a pedestrian than the amount required of a pedestrian to amount to ordinary care toward a driver. A driver of an automobile has greater capacity to injure a pedestrian and must be more careful than a pedestrian who has little capacity to injure a driver.

The trial court found that "specific and on point ordinances, state statutes, and Colorado jury instructions" which were given, conveyed the same message as the tendered instruction and were a correct statement of the law. The trial court issued the body of the requested instruction but prefaced it with the statement that it was the "theory of the

§ 24–51–1105, C.R.S.2003.

Plaintiff's case." Plaintiff objected to the change.

We note that *Grandell* and *Sherman* differ from the present case procedurally. In each of these cases, the defendant challenged the instructions, and the supreme court found that the trial court did not err by giving them. The supreme court did not hold that this instruction was required in either case. Further, in each case, the driver-defendant alleged contributory negligence by the plaintiff, which would have precluded any recovery under the law at that time.

Therefore, we conclude that the trial court's instructions here, taken as a whole, properly instructed the jury.

## II.

■ Plaintiff also contends that the trial court abused its discretion by denying her motion for new trial based on the jury's award of zero noneconomic damages. Plaintiff does not argue that her total damages were inadequate. Rather, she argues that the award of actual damages for lost income due to the injury and cost of subsequent medical treatment, such as a full-body cast and hyperextension, is necessarily inconsistent with a finding that she suffered no compensable pain and suffering or loss of enjoyment of life, given the undisputed evidence that she suffered pain and inconvenience from the medical treatment for which the jury awarded damages. We agree.

■ The standard governing a motion for new trial based on alleged inadequacy of damages is whether it can be said with certainty that the verdict is grossly and manifestly inadequate or so small as to indicate clearly and definitely that the jury neglected to consider the evidence or was influenced by prejudice, passion, or other improper considerations. *Steele v. Law*, 78 P.3d 1124 (Colo. App.2003); *see Mince v. Butters*, 200 Colo. 501, 616 P.2d 127 (1980).

■ A reviewing court should overturn a jury verdict on damages only upon a showing that the jury's action was arbitrary and capricious or that the jury was swayed by passion or prejudice. *Lee's Mobile Wash v.*

*Campbell*, 853 P.2d 1140 (Colo.1993); *Steele v. Law, supra.*

■ Whether to grant a new trial for inadequate damages is within the discretion of the trial court, and its ruling will not be disturbed in the absence of abuse of discretion. *Steele v. Law, supra; see Koch v. Dist. Court*, 948 P.2d 4 (Colo.1997).

Here, the trial court held that an award of noneconomic damages. "is completely within the jury's province, especially when the evidence concerning such damages [is] at issue and in conflict." Relying on *Lee's Mobile Wash v. Campbell, supra*, the court concluded that the verdict was not inadequate as a matter of law. We disagree with the trial court's characterization of the state of the evidence and find its reliance on *Lee's Mobile Wash* misplaced.

The parties rely on two different cases: *Lee's Mobile Wash v. Campbell, supra*, relied on by defendant, and *Martinez v. Shapland*, 833 P.2d 837 (Colo.App.1992), relied on by plaintiff. We conclude that the two cases are not in conflict; however, the outcome of the present case turns on the proper application of these two cases.

### A. *Martinez v. Shapland*

In *Martinez*, the plaintiff was injured when the vehicle in which she was a passenger was broadsided by the defendant's vehicle. The jury found that the defendant was negligent and that her negligence was the cause of the plaintiff's injuries, but concluded that the plaintiff had suffered zero noneconomic damages.

The plaintiff introduced evidence indicating that she suffered head, neck, and back injuries when her head struck the windshield. A division of this court held that because "the evidence regarding the nature and extent of these injuries was conflicting," the jury was "entitled to infer that these injuries were not compensable." *Martinez v. Shapland, supra*, 833 P.2d at 839.

However, the plaintiff also presented undisputed evidence that she had developed temperomandibular joint syndrome (TMJ) as a result of the accident. Her evidence was supported by testimony of the defendant's

expert witnesses, two oral surgeons and a neurologist, who concluded that the plaintiff's symptoms were consistent with TMJ. The division concluded that in light of the undisputed evidence of the TMJ injury, the jury's award of no damages for noneconomic losses rendered the jury verdict inadequate as a matter of law, and the inadequacy indicated the jury did not follow the court's instructions on damages. The division accordingly remanded the case for a new trial on the issue of damages. The division relied on *Kistler v. Halsey,* 173 Colo. 540, 481 P.2d 722 (1971), and *Denton v. Navratil,* 170 Colo. 158, 459 P.2d 761 (1969), where the supreme court held that new trials were required on the issue of damages when the plaintiffs presented undisputed evidence of physical injuries and pain, and the juries awarded actual, but no noneconomic, damages.

### B. *Lee's Mobile Wash v. Campbell*

Only a few months after denying certiorari in *Martinez,* the supreme court announced *Lee's Mobile Wash v. Campbell, supra.* The supreme court did not mention either *Kistler, Denton,* or *Martinez.*

In *Lee's Mobile Wash,* the trial court had directed a verdict on the issue of negligence in favor of a plaintiff whose vehicle was rear-ended by the defendants' vehicle. The jury then found that the plaintiff had suffered injury and damages caused by the defendants' negligence, but it did not award noneconomic damages. The trial court denied the plaintiff's motion for a new trial, holding that the award of zero noneconomic damages was consistent with the evidence presented at trial.

A division of this court reversed the trial court's judgment, but the supreme court concluded that the division erred in "assuming that compensable noneconomic damages were incurred as a matter of course due to the treatment of [the plaintiff's] alleged brain injury." *Lee's Mobile Wash v. Campbell, supra,* 853 P.2d at 1142. The supreme court held that the evidence was not so clear as to entitle the plaintiff to noneconomic damages and held that when the evidence is conflicting, a reviewing court should not disregard a jury verdict which is supported by the evi-

dence in favor of its own view of the evidence. The reviewing court's duty is to reconcile the verdict with the evidence if at all possible. A reviewing court may not reverse the verdict for inconsistency if any basis for the verdict exists. *Lee's Mobile Wash v. Campbell, supra.*

In *Lee's Mobile Wash,* both the nature and extent of the plaintiff's injuries were hotly disputed at trial. The supreme court concluded that the jury could reasonably have found that any impairment lasted only minutes and was de minimis.

### C. Conclusion

Here, the jury found that plaintiff suffered actual damages related to reasonable and necessary medical treatment based on uncontested evidence. This finding is inconsistent with the jury's award of zero noneconomic damages where the record contains undisputed evidence of plaintiff's pain and suffering and loss of enjoyment of life. Therefore, we conclude that here, the *Martinez* standard applies, rather than the *Lee's Mobile Wash* standard, which is only appropriate in cases involving disputed evidence.

The evidence is uncontradicted that plaintiff suffered "immediate" and "extreme" back pain at the time of impact, and that evidence is supported by defendant's own testimony. In addition to the fractured vertebrae, plaintiff suffered several bruises and abrasions. Nine days after the accident, plaintiff went through a lengthy, painful hyperextension procedure to reverse the initial knitting of the vertebrae and allow them to heal in a proper position. Plaintiff was in a body cast for six to seven weeks and wore a brace for five to six weeks after the cast was removed, during which time she was unable to do even simple domestic tasks. Plaintiff participated in painful physical therapy before returning to full-time work status in July 1999. Plaintiff testified that by the time of trial she had resumed most activities, but still suffered fatigue and pain.

If the only evidence of pain and suffering were plaintiff's testimony, we could conclude that the jury had the right to disbelieve plaintiff and did so. *Cf. Denton v. Navratil,*

*supra* (rejecting conclusion that jury could disbelieve plaintiff's testimony when undisputed corroboration existed). However, plaintiff offered photographic and videotape evidence of the cast, the brace, and the hyperextension procedure. The orthopedic spine surgeon who treated plaintiff testified to her pain at the time of the injury and the hyperextension, and he opined that there was "no question" that plaintiff still suffered residual pain at the time of trial. Three lay witnesses testified to plaintiff's pain. Further, the parties stipulated to the amount of plaintiff's lost income from the time of the accident to trial, and the jury awarded the full amount of medical expenses, implying that the jury accepted the legitimacy of plaintiff's injuries and the reasonableness of her medical treatment.

Defendant was the only defense witness. He testified that his vehicle struck plaintiff and that she was "in obvious pain" immediately after the accident. The record demonstrates a dispute over whether plaintiff was able by the time of trial fully to perform her job as an airline pilot, and defendant's cross-examination of plaintiff elicited that she had resumed several pre-injury activities such as horseback riding, self-defense lessons, and mountain hiking. However, defendant neither contested the reasonableness and necessity of plaintiff's medical treatment nor rebutted the amply corroborated evidence of plaintiff's pain and curtailment of activities in the weeks following the accident. While the jury could have found that plaintiff was not suffering compensable pain and suffering by the time of trial, we conclude that it could not make such a finding as to past pain and suffering without arbitrarily rejecting the uncontroverted evidence.

Because we have already resolved the sole issue as to liability, remand is necessary only for a new trial on the question of damages. *See, e.g., Kistler v. Halsey, supra; Denton v. Navratil, supra; Martinez v. Shapland, supra* (remanding for new trial on issue of damages when jury did not consider undisputed evidence of noneconomic damages).

Accordingly, the judgment is affirmed as to liability and reversed as to damages, and the case is remanded for a new trial on the question of economic and noneconomic damages.

Judge PICCONE and Justice KIRSHBAUM * concur.